[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RE: MOTION FOR SUMMARY JUDGMENT #144
The plaintiff owned a mobile home insured by the defendant that was destroyed by fire. This action seeks to recover monies the plaintiff claims he is entitled under his policy of Insurance. The defendant made payment of the actual cash value of the loss which it determined to be in the amount of $12,000.00. The plaintiff claims that he is entitled to the "replacement value" of his home. It is the defendants claim that under the "unambiguous" language of the policy that the plaintiff is only entitled to replacement cost if he replaces the home which he did not do. In addition the defendant claims that the plaintiff is not entitled to any additional monies under the policy since he failed to comply with a provision of the policy which required him "to pursue his claim within 180 days after the loss". The plaintiff at oral argument claims that he did make such a claim within the applicable period.
In deciding this motion the court is guided by two principles of law: 1. That a finding of a disputed question will defeat a motion for summary of judgment. Zichichi v. Middlesex Memorial Hospital 204 Conn. 339, 402 and 2. The court must construe insurance contracts in a light most favorable to the insured.Vitti v. Allstate Insurance Co., 245 Conn. 169, 176,713 A.2d 1269 (1998).
There obviously is a disputed genuine issue of a material fact in that the plaintiff claims that he did notify the defendant carrier of his intent to pursue additional payments. Counsel for the plaintiff made this claim in oral argument before this court. In addition, the plaintiff alleges in paragraph 6 of his amended complaint dated October 22, 1997 that he has complied with all of the terms of his policy "including notifying the defendant within 180 days of his desire to claim replacement value."
The court disagrees with the defendants claim that the language of the "replacement value" clause contained in the policy is clear and unambiguous. The relevant clause of the policy Section 1 "Our Payment Methods" provides that if the policy holder decides not to repair or replace the home then he would be entitled to the lesser of the 1. Difference in the cash CT Page 9943 value before and after the loss 2. Cost of repairs 3. Cash value of home immediately preceding the loss 4. The cost of replacing or 5. The amount of insurance shown on the first page of the policy. The policy also provides that the carrier "may also replace the property with Property of similar kind, quality and value".
In this action the plaintiff seeks "replacement value" It is the defendants claim that the plaintiff is only entitled to replacement costs if he actually replaces the home. There is no language in the policy that supports the defendants position. The policy states that if the policyholder does not replace the home he is entitled to the lesser of the five values listed above, which includes the cost of replacing. There is no requirement that the policyholder actually incur that cost. The trier of fact will ultimately interpret the policy. Sufficed it to say that the contract language is not "unambiguous" as claimed by the defendant. "If the terms of an insurance policy are of doubtful meaning, that permissible construction which is most favorable to the insured is to be adopted" Vitti v. Allstate Insurance Co.,
supra 176.
What amount the defendant is obligated to pay under the policy will require both an interpretation of the policy and a finding of fact as to value. The defendant's Motion for Summary Judgment is denied.
PELLEGRINO, (J)